**William COOK, Plaintiff–Appellant,**

v.

**William J. HENDERSON, Postmaster General, United States Postal Service, Defendant–Appellee.**

No. 01–1745.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 9, 2001.

Decided Feb. 19, 2002.

Before MANION, KANNE, and ROVNER, Circuit Judges.

ORDER

Plaintiff William Cook is an African–American employee of the United States Postal Service. Cook filed suit against the Postal Service, alleging that on March 7, 1998, and for 20 years prior, he was discriminated against based on his age, color, race, religion, and sex; subjected to a hostile work environment; and retaliated against for filing EEOC complaints.

According to Cook's statement taken at the time of the March 7 incident, he was working overtime sorting mail for his acting supervisor Carmen Cruz. Cook stated that Cruz told him to move to a different aisle to complete his work. Once there, Cook asked Cruz if he could move to a different location to sort mail because the lighting was inadequate. Cook claimed that Cruz responded by yelling, "You will take the seat I say, take it and sit down." Cook stated that he then asked Cruz to please treat him like a human being, to which she allegedly responded that she did not need any of Cook's advice.

Cruz's version of the events varies greatly. According to her affidavit, she

asked all postal employees working at that time to move into one aisle of work space, but that Cook refused. She again instructed him to move, but he still refused. Cruz stated that she then started to walk away from Cook, but he pursued her and insulted her in a loud voice. Cook allegedly told Cruz that she was a bad supervisor and a "wannabe black." Cruz reported this incident to her supervisors, and based on her recommendation, Cook was placed on a seven-day suspension. The suspension notice informed Cook that he was being suspended for "conduct unbecoming of a postal employee" and referred to prior warning letters that Cook had received.

Cook filed two EEOC complaints based on the March 7 incident. His first complaint alleged that 1) Cruz "verbally and emotionally abused" him; 2) he was "improperly detained;" 3) the discipline he received was retaliation for his prior EEOC complaints; and 4) he was disciplined because of his race, color, sex, and age. Cook's second EEOC complaint challenged his seven-day suspension. In response, the Postal Service sent Cook a letter informing him that it would investigate both of his complaints.

After there was no final decision on Cook's claims within the statutory period, he filed a pro se lawsuit in federal court, alleging 1) age, color, race, religious, and sex discrimination; 2) hostile work environment; and 3) retaliation. Because he had not alleged religious discrimination in his EEOC complaints, the district court dismissed this claim. At his deposition, Cook testified that his claims of discrimination, retaliation, and hostile work environment dated back to 1978 and were based solely on his subjective beliefs. For example, Cook stated that in his "opinion and belief," Cruz treated him differently than other employees that did not engage in Title VII activity. In addition, he testi-

fied that he had been "disciplined for allegations never sustained or proven," whereas other black males over forty years old had not been similarly disciplined. Cook concluded by stating that while he believed that he was treated differently, he had no specific evidence to support his belief.

The Postal Service moved for summary judgment, supporting its motion with Cook's deposition testimony and affidavits from several other Postal Service employees. For example, both Cruz and Rose Arnold, another supervisor, averred that they disciplined postal employees when appropriate to do so and that they issued disciplines "regardless of an employee's race, gender or age." Both also stated they "have disciplined other black male employees when it was warranted."

In his response brief, Cook relied mainly on his affidavit, which stated in relevant part:

I was issued discipline by A/Supervisor Carmen Cruz for objecting to the verbal abuse, humiliation and [disparate] treatment she was subjecting me resulting from her requiring me to work under substandard conditions. The manager did not require other employee[s] to work under the same substandard conditions. And she did [not] verbally abuse any other employee. This is typical of the type of treatment I have had to endure continually by the agency for over two decades.

Further, Cook alleged that at some point in time, Cruz said that "all men are the same, men are dogs" and "men just think with their dicks." However, Cook did not identify when or where Cruz allegedly made these comments.

In granting summary judgment, the district court first limited Cook's claim to the March 7 incident and subsequent suspension. Citing *Hardin v. S.C. Johnson & Son, Inc.*, 167 F.3d 340, 344 (7th Cir.1999),

the district court found that Cook had "alleged no facts that would warrant the application of the 'continuing violation doctrine'" and therefore excluded any alleged act prior to March 7. Next, recognizing that Cook had no direct evidence of discrimination, the district court turned to the burden-shifting method of proof under *McDonnell Douglas Corporation v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The district court found that Cook had failed to raise a genuine factual issue as to the fourth element of a *prima facie* case of discrimination under *McDonnell Douglas*—that he was treated less favorably than similarly situated individuals outside his protected class. *See id.* The district court noted that Cook's affidavit, which was his only proof on this issue, "fail[ed] to identify whether any of these individuals were outside the protected class of which he is a part or how they were similarly situated."

Next, the district court concluded that Cook had failed to raise a genuine issue on his hostile work environment claim because no reasonable jury could find that the Postal Service's conduct was severe or pervasive. Finally, the district court found that with respect to his retaliation claim, Cook had presented "no evidence other than his personal belief" of a causal connection between his suspension and his prior EEOC activity.

We review a grant of summary judgment *de novo,* viewing all of the facts and drawing all reasonable inferences therefrom in favor of the nonmoving party. *See Cent. States, Southeast and Southwest Areas Pension Fund v. White,* 258 F.3d 636, 639 (7th Cir.2001). Summary judgment should be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." *Cengr v. Fusibond Piping Sys., Inc.,* 135 F.3d 445, 450 (7th Cir.1998) (quoting FED. R. CIV. P. 56(c)).

 To establish a *prima facie* case of discrimination, Cook had to show that (1) he was a member of a protected class; (2) he was qualified for the job in question or was meeting the Postal Service's legitimate performance expectations; (3) he suffered an adverse employment action; and (4) the Postal Service treated similarly-situated persons not in the protected class more favorably. *See Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 743 (7th Cir.1999). Cook relied solely on his affidavit to show that similarly situated individuals outside of his class were treated more favorably. However, he did not present any proof. In fact, at his deposition, he admitted that he had no specific evidence to support his belief that he was treated less favorably. In contrast, the Postal Service supported its summary judgment motion with affidavits from Arnold and Cruz. Both of these supervisors stated that they had not treated similarly situated individuals outside of Cook's class more favorably, and Cook failed to rebut their affidavits. Therefore, the district court properly granted summary judgment on Cook's discrimination claim.

 Cook's hostile work environment claim required proof of severe or pervasive conduct that altered the conditions of his employment. *See Mason v. S. Ill. Univ.,* 233 F.3d 1036, 1043 (7th Cir.2000). Cook failed to present evidence of either severe or pervasive conduct. Indeed, the only concrete examples of allegedly discriminatory conduct that Cook proffered were the two comments that Cruz purportedly made and the March 7 incident. No reasonable jury could find these three incidents severe or pervasive enough to alter the conditions of Cook's employment, and there-

fore summary judgment was proper on this claim as well.

Finally, in order to prove retaliation, Cook had to show that 1) he engaged in protected activity; 2) he suffered an adverse employment action; and 3) a causal connection between the adverse action and his protected activity. *See Fyfe v. City of Fort Wayne*, 241 F.3d 597, 601 (7th Cir.2001). Cook has offered no evidence other than his personal belief that Cruz acted the way she did on March 7 because of his earlier protected activity. Moreover, he has not offered any evidence suggesting that Cruz even *knew* of his earlier protected activity. Thus, summary judgment was proper because no rational juror could find a causal connection between Cook's filing of an EEOC complaint and his suspension based on such a paucity of evidence.

Therefore, the district court's grant of summary judgment is AFFIRMED.